IN THE MATTER OF: MAMIE LEE CURTIS, MINOR CHILD, HOGAN, GEORGE W. AND LINDA J. v. CURTIS, ROBIN DALE AND KING, TWANA LYNN

No. 9128DC438

(Filed 3 December 1991)

**Parent and Child § 1.5 (NCI3d) — termination of parental rights — summary judgment — error**

   The trial court erred by granting partial summary judgment on the issue of abuse in an action for termination of parental rights. The trial court was required under N.C.G.S. § 7A-289.30(e) to hold an adjudicatory hearing in order to take evidence, find the facts, and adjudicate the existence or nonexistence of the circumstances set forth in N.C.G.S. § 7A-289.32. However, properly admitted evidence of the father's conviction of first-degree sexual offense against the minor child constitutes sufficient clear, cogent, and convincing evidence of the respondent's abuse of the child and the child's testimony will not be necessary at the adjudicatory stage on remand.

   **Am Jur 2d, Parent and Child § 34.**

   **Validity and application of statute allowing endangered child to be temporarily removed from parental custody. 38 ALR4th 756.**

   **Validity of state statute providing for termination of parental rights. 22 ALR4th 774.**

   APPEAL by respondent from Order entered 25 February 1991 by *Judge Rebecca B. Knight* in BUNCOMBE County District Court. Heard in the Court of Appeals 26 August 1991.

   *Gum & Hillier, P.A., by Ingrid Friesen, for petitioner appellees.*

   *Robert G. Karriker, as Guardian ad Litem for Mamie Lee Curtis, appellee.*

   *Whalen, Hay, Pitts, Hugenschmidt, Master, Devereux & Belser, P.A., by David G. Belser and Barry L. Master, for respondent appellant.*

   COZORT, Judge.

   Petitioners George and Linda Hogan instituted this action seeking the termination of respondent's parental rights. Respondent

Twana Lynn King did not file an answer and an order was entered 22 June 1990 terminating her parental rights. As to respondent Robin Dale Curtis [hereinafter respondent], the petition alleged that he had abused and neglected the minor child and that respondent had abandoned the minor child for at least six months preceding the filing of the petition. By motion dated 28 January 1991, petitioners moved for partial summary judgment alleging that no genuine issue of material fact existed as to their claim that respondent abused the minor child "in that he has been convicted by a jury of First Degree Sexual Offense against his daughter." After a hearing in which the trial court reviewed the record and heard arguments of counsel, the court entered an order on 25 February 1991 granting petitioners' motion for partial summary judgment on the issue of abuse. Respondent appeals.

Respondent's sole contention on appeal is the trial court erred in granting partial summary judgment on the issue of abuse in a termination of parental rights proceeding. Respondent asserts that the statutory scheme set forth in Article 24B of the North Carolina General Statutes does not envision or authorize a summary procedure based on Rule 56 of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 56 (1990). We agree.

The legislative intent and construction to be given Article 24B is defined in N.C. Gen. Stat. § 7A-289.22(1) (1989) as follows:

> The general purpose of this Article is to provide judicial procedures for terminating the legal relationship between a child and his or her biological or legal parents when such parents have demonstrated that they will not provide the degree of care which promotes the healthy and orderly physical and emotional well-being of the child.

The exclusive judicial procedure to be used in termination of parental rights cases is prescribed by the Legislature in N.C. Gen. Stat. § 7A-289.22, et seq. In re Peirce, 53 N.C. App. 373, 281 S.E.2d 198 (1981).

In Peirce, the parents-respondents attempted to file counterclaims along with their answer to the petition filed to terminate parental rights. The trial court struck paragraphs three and four of the respondents' Further Answer and Defense and Counterclaim. The respondents argued on appeal that the trial court erred in striking those paragraphs because the additional

filing of the counterclaims attached to the answer was admissible based on an analogy to Rule 7(a) and Rule 13 of the North Carolina Rules of Civil Procedure. This Court stated:

> The sections of Art. 24B comprehensively delineate in detail the judicial procedure to be followed in termination of parental rights. This article provides for the basic procedural elements which are to be utilized in these cases. . . . Due to the legislature's prefatory statement in G.S. 7A-289.22 with regard to its intent to establish judicial procedures for the termination of parental rights, and due to the specificity of the procedural rules set out in the article, we think the legislative intent was that G.S., Chap. 7A, Art. 24B, exclusively control the procedure to be followed in the termination of parental rights. It was not the intent that the requirements of the basic rules of civil procedure of G.S. 1A-1 be superimposed upon the requirements of G.S., Chap. 7A, Art. 24B. Therefore, in this case we need only ascertain whether the trial court correctly followed the procedural rules delineated in the latter.

*Id.* at 380, 281 S.E.2d at 202-03. The Court went on to hold that, because the article did not specifically grant the respondent in such cases the right to file a counterclaim, the statutorily established procedure did not include such a right. The Court declined to add that right by imputation.

Likewise, Article 24B does not grant a petitioner the right to file a motion for summary judgment. The termination of parental rights statute provides for a two-stage termination proceeding. *In re Montgomery*, 311 N.C. 101, 316 S.E.2d 246 (1984). At the adjudication stage, the petitioner is required to prove the existence of grounds for termination set forth in N.C. Gen. Stat. § 7A-289.32 (1989), by clear, cogent and convincing evidence. *In re White*, 81 N.C. App. 82, 344 S.E.2d 36, *disc. review denied*, 318 N.C. 283, 347 S.E.2d 470 (1986). At the disposition stage, the trial court, in its discretion, must decide whether to terminate parental rights. *Id.* Since the Legislature did not intend for the requirements of the basic rules of civil procedure of N.C. Gen. Stat. § 1A-1 to be superimposed on this article, we need only ascertain whether the trial court correctly followed the procedural rules delineated in the article. After reviewing the applicable statutes, we find that it did not. Article 24 of Chapter 7A does not provide for a summary proceeding to determine whether the petitioner has

BURGE v. INTEGON GENERAL INS. CO.

[104 N.C. App. 628 (1991)]

proven the existence of one or more of the grounds for termination. N.C. Gen. Stat. § 1A-1, Rule 56 (1990) has no application here. Thus, we hold the trial court erred in granting petitioners' motion for partial summary judgment. The trial court was required under N.C. Gen. Stat. § 7A-289.30(e) (1990) to hold an adjudicatory hearing in order to take evidence, find the facts, and adjudicate the existence or nonexistence of the circumstances set forth in N.C. Gen. Stat. § 7A-289.32 (1990) which authorizes the termination of parental rights of respondent. The trial court erred in granting summary judgment for petitioners.

The petitioners and the guardian ad litem appointed for the child argue that reversal of summary judgment will force the child to repeat the traumatic experience of testifying again about the actions which led to her father's conviction. We do not agree. Properly admitted evidence of the father's conviction of first-degree sexual offense against the minor child constitutes sufficient, clear, cogent, and convincing evidence of the respondent's abuse of the child. The child's testimony will not be necessary at the adjudicatory stage. Accordingly, the order of the trial court is reversed and the cause remanded to the District Court of Buncombe County for a hearing on the termination of respondent's parental rights.

Reversed and remanded.

Chief Judge HEDRICK and Judge LEWIS concur.