IN RE: ANGELA LYNN TYNER

No. 9119DC506

(Filed 16 June 1992)

1. **Parent and Child § 1.5 (NCI3d)— termination of parental rights—letter from respondent—not an answer**

   An order terminating parental rights was affirmed where respondent, incarcerated in Missouri, sent his attorney a letter denying the allegations of the petition which the attorney filed with the court. It could not be determined from the record when and for what purpose the letter was submitted to the court, and, because the appellate courts should not assume trial court error, the Court of Appeals could not assume that the letter was an answer.

   **Am Jur 2d, Pleading § 125.**

2. **Parent and Child § 1.5 (NCI3d)— termination of parental rights—no answer—procedure**

   An order terminating parental rights was affirmed where, despite the fact that respondent did not file a written answer to the petition, the trial court heard evidence, made findings of fact, and adjudicated the existence of a ground for ter-

minating the respondent's parental rights. The language of N.C.G.S. § 7A-289.28, which provides that the trial court shall issue an order terminating all parental and custodial rights of the respondent when a respondent does not file a written answer to a petition or does file a written answer but in an untimely fashion, must be construed to mean that in such situations the trial court may terminate the respondent's parental and custodial rights only if one or more grounds under N.C.G.S. § 7A-289.32 exist.

**Am Jur 2d, Parent and Child § 7.**

APPEAL by respondent from order entered 15 March 1991 in CABARRUS County District Court by *Judge Adam C. Grant, Jr.* Heard in the Court of Appeals 17 March 1992.

*Jeffrey D. Jones for petitioner-appellees.*

*James D. Foster for respondent-appellant.*

GREENE, Judge.

The respondent appeals from an order entered 15 March 1991 terminating the respondent's parental rights with regard to Angela Lynn Tyner.

The facts necessary to a resolution of the issue in this case are as follows: Angela Lynn Tyner (child) was born 9 August 1978 to Lynn Rayl (respondent) and Linda Lou Janice O'Neil (O'Neil). On 6 February 1985, O'Neil placed the child with William and Shirley Tyner (petitioners). The petitioners have had actual physical custody of the child since that date. On 6 March 1985, the petitioners filed a petition to adopt the child, and on 11 July 1986, the petitioners were granted custody, care, and control of the child. O'Neil consented to the adoption of the child by the petitioners.

On 3 October 1990, the petitioners filed a petition to terminate the respondent's parental rights with regard to the child. The petitioners alleged that the respondent's parental rights should be terminated for, among other things, the respondent's willful abandonment of the child for at least six consecutive months immediately preceding the filing of the petition. At the time of the petition, the respondent was incarcerated in a federal prison in Missouri. In early November, 1990, the respondent requested that an at-

torney be appointed for him, and on 16 November 1990, the trial court appointed James D. Foster as the respondent's attorney.

On 15 March 1991, the petition came on for hearing at the Juvenile Session of the District Court for Cabarrus County, North Carolina. Because of his continued incarceration, the respondent did not attend the hearing. At some time either before or after the hearing, the respondent's attorney filed with the trial court a letter dated 28 January 1991 from the respondent to Mr. Foster. The trial court did not appoint a guardian ad litem for the child. After the hearing, the trial court found and concluded that the respondent had willfully abandoned the child for at least six consecutive months immediately preceding the filing of the petition and that the best interests of the child required that the respondent's parental rights be terminated. The trial court then terminated the respondent's parental rights.

[1] The issue is whether the respondent's letter addressed to his attorney which the attorney filed with the trial court at sometime on the day of the hearing constituted an answer to the petition.

The respondent argues that the trial court erred in not appointing a guardian ad litem for the child when the respondent's attorney filed the respondent's letter with the trial court which allegedly denied material allegations of the petition. We disagree.

Assuming that the respondent's letter meets the requirements of N.C.G.S. § 7A-289.29(a) (1989 & Supp. 1991), the record does not indicate when the respondent's attorney filed the letter with the court nor does it indicate for what purpose the attorney filed the letter. According to the respondent's brief, his attorney filed the letter "immediately prior to the hearing on March 15, 1991" and filed the letter as an *answer*. To the contrary, the petitioners state in their brief that the trial court allowed the respondent's attorney to file the letter *after* the hearing on 15 March 1991 and only as *evidence* for the respondent, not as an answer. If the letter was filed after the hearing or was presented as evidence during or after the hearing, the letter was not an answer. N.C.G.S. § 7A-289.29(b) (1989 & Supp. 1991). Without engaging in raw speculation, it cannot be determined from this incomplete record when and for what purpose the respondent's attorney submitted the letter to the trial court. Therefore, because appellate courts should not assume trial court error when no error appears in the record,

this Court cannot assume that the letter was an answer. *See State v. Alston*, 307 N.C. 321, 341, 298 S.E.2d 631, 645 (1983); *State v. Hedrick*, 289 N.C. 232, 234-35, 221 S.E.2d 350, 352 (1976) (appellate courts ordinarily will not consider matters discussed in briefs which are outside the record). On this record, because the respondent's letter cannot be regarded as an answer, the trial court was not required to appoint a guardian ad litem for the child. N.C.G.S. § 7A-289.29(c) (Supp. 1991) (trial court not required to appoint guardian ad litem for child unless answer is filed denying material allegation of petition). Any other construction of the procedural history of this case would impermissibly assume trial court error.

[2] The absence of an answer denying any of the material allegations of the petition, however, does not authorize the trial court to enter a "default type" order terminating the respondent's parental rights. *Cf. In re Curtis v. Curtis*, 104 N.C. App. 625, 627-28, 410 S.E.2d 917, 919 (1991) (Termination of Parental Rights Act does not provide summary proceeding to terminate parental rights). This is so because N.C.G.S. § 7A-289.28 (1989) requires the trial court to conduct a hearing on the petition to terminate the respondent's parental rights. The trial court must conduct this adjudicatory hearing pursuant to N.C.G.S. § 7A-289.30 (1989) which requires, among other things, the trial court to take evidence, find the facts based upon clear, cogent, and convincing evidence, and adjudicate "the existence or nonexistence of any of the circumstances set forth in G.S. 7A-289.32 which authorize the termination of parental rights of the respondent." N.C.G.S. § 7A-289.30(d), (e) (1989). If "circumstances authorizing termination of parental rights" are not found to exist, the trial court must dismiss the petition. N.C.G.S. § 7A-289.31(c) (1989). To construe N.C.G.S. § 7A-289.28 so as to allow a "default type" order terminating parental rights would require termination even when the facts do not support termination and thereby permit termination inconsistent with the best interests of the child. N.C.G.S. § 7A-289.22(2) (1989). Accordingly, the language of N.C.G.S. § 7A-289.28 which provides that the trial "court shall issue an order terminating all parental and custodial rights of the respondent" when a respondent does not file a written answer to a petition or does file a written answer but in an untimely fashion must be construed to mean that in such situations, the trial court "may" terminate the respondent's parental and custodial rights but only if one or more grounds for terminating his or her rights under N.C.G.S. § 7A-289.32 (1989) exist. *See In re Hardy*,

294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978) (legislative intent controls whether particular word in statute is mandatory or directory). This construction of N.C.G.S. § 7A-289.28 will protect the best interests of the child without violence to the statute, will give effect to all portions of the statute without creating mere surplusage, and will ensure that trial courts do not engage in summary determinations in termination of parental rights cases.

In this case, the trial court fully complied with the above procedure. Despite the fact that the respondent did not file a written answer to the petition, the trial court, nonetheless heard evidence, made findings of fact, and adjudicated the existence of a ground for terminating the respondent's parental rights. The respondent does not contest these findings and conclusions. Furthermore, we do not address the merits of the respondent's arguments concerning the trial court's alleged error in denying the respondent's motion for a continuance because the record does not indicate whether such motion was made or ruled upon. Accordingly, the trial court's order terminating the respondent's parental rights is

Affirmed.

Judges JOHNSON and COZORT concur.