598 S.E.2d 649 (2004)
In the Matter of J.N.S., a Minor Child.
No. COA03-1097.
Court of Appeals of North Carolina.
July 20, 2004.
J. David Abernethy, Newton, for petitioner-appellee Catawba County Department of Social Services.
*650 Wesley E. Starnes, Hickory, for respondent-appellant.
BRYANT, Judge.
C.T.J.B. (respondent) appeals an order filed 4 June 2003 denying her motion for partial summary judgment. On 26 November 2002, the Catawba County Department of Social Services (petitioner) filed a petition to terminate respondent's parental rights over her minor son (the child). The petition alleged respondent had: (1) neglected the child and (2) willfully left him in foster care for more than twelve months without showing to the satisfaction of the trial court that reasonable progress under the circumstances had been made in correcting the conditions that led to the child's removal. The petition further stated that "a [c]ourt [o]rder [had previously been] entered on or about the 5th day of April 2000, upon which the minor child was found to be [a] dependent child." The 5 April 2000 order, which indicated that respondent had consented to an adjudication of the child as dependent, was attached to the petition.
On 12 March 2003, respondent filed a motion for partial summary judgment, contending:
1. That a consent order for Consolidated Order of Adjudication and Disposition was entered on April 5, 2000.
2. That the order was a "settlement and consent" which was "based upon the verified [p]etition" filed in the action.
3. That the [p]etition contained certain allegations of neglect that also serve as a portion of the petition filed to terminate parental rights which is pending.
4. That the prior adjudication resolved the issues raised in the prior petition and [p]etitioner is bound by res judicata or collateral estoppel on these issues which were necessarily resolved in the April 5, 2000 [ ] Consolidation Order of Adjudication and Disposition.
In its 4 June 2003 order, the trial court denied respondent's motion for partial summary judgment on the basis that "the cases are sufficiently different so that collateral estoppel and res judicata do not apply."
The dispositive issue is whether summary judgment is proper in a termination of parental rights proceeding.
We first note that respondent's appeal from the denial of a motion for partial summary judgment is interlocutory. See N.C. Dept. of Transp. v. Page, 119 N.C.App. 730, 733, 460 S.E.2d 332, 334 (1995) (an appeal is interlocutory "if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy"). Assuming no substantial right was implicated, we nevertheless grant certiorari in order to address the merits of respondent's appeal. N.C.R.App. P. 21(a)(1).
In her brief to this Court, respondent contends the trial court erred in denying her motion because the doctrines of collateral estoppel and res judicata operate to bar relitigation of the issue of neglect. We disagree. Apart from the fact that the 5 April 2000 consent order served only as an adjudication on the issue of dependency, not neglect, and with respect to dependency was only binding as to the time frame of that order,[2] respondent's motion for summary judgment incorporates a greater fundamental error that demands this Court's attention.
Chapter 7B of the North Carolina General Statutes contains absolutely no provision allowing for the use of a summary *651 judgment motion in a juvenile proceeding. In fact, the provisions of Chapter 7B implicitly prohibit such use by imposing on the trial court the duty to hear the evidence and make findings of fact on the allegations contained in the juvenile petition. N.C.G.S. § 7B-1109(e) (2003) ("[t]he court shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent"). This duty is incompatible with the law on summary judgment, which rests on the non-existence of genuine issues of fact prior to a hearing on the merits. See N.C.G.S. § 1A-1, Rule 56(c) (2003) (a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law"); McArdle Corp. v. Patterson, 115 N.C.App. 528, 531, 445 S.E.2d 604, 606 (1994) ("it is not the function of the trial court to make findings of fact and conclusions of law on a motion for summary judgment"), aff'd, 340 N.C. 356, 457 S.E.2d 596 (1995). Summary judgment on the existence of grounds for termination of parental rights listed in N.C. Gen.Stat. § 7B-1111 is therefore contrary to the procedural mandate set forth in our juvenile code. As the trial court lacked authority to grant summary judgment in this case, respondent's motion was properly denied.
Affirmed.
Judges ELMORE and GEER concur.
NOTES
[2] A prior adjudication of neglect, abuse, or dependency is only "binding in [a] later proceeding on the facts regarding abuse[, dependency, or] neglect which were found to exist at the time it was entered." In re Wheeler, 87 N.C.App. 189, 194-95, 360 S.E.2d 458, 461 (1987) (emphasis added); In re Wilkerson, 57 N.C.App. 63, 69, 291 S.E.2d 182, 186 (1982) (affirming trial court's ruling, "that all previous orders in the case were binding ... as to what those orders found to exist when they were entered"). In determining whether grounds exist to terminate parental rights, this Court has held: "Although prior adjudications of neglect may be admitted and considered by the trial court, they will rarely be sufficient, standing alone, to support a termination of parental rights, since the petition must establish that neglect exists at the time of hearing." In re Shermer, 156 N.C.App. 281, 286, 576 S.E.2d 403, 407 (2003).