[192 N.C. App. 538 (2008)]

IN THE MATTER OF: A.M., J.M.

No. COA08-484

(Filed 2 September 2008)

**Termination of Parental Rights— neglect—failure to make independent determination at time of hearing—oral testimony required**

.The trial court erred in a termination of parental rights case by failing to make an independent determination that neglect existed at the time of the termination hearing because: (1) N.C.G.S. § 1A-1, Rule 43(a) furthers the purpose of the Juvenile Code in assuring a fair termination hearing which results in a disposition based on consideration of the facts; (2) allowing our courts to rely solely on documentary evidence would obviate the need for a termination hearing, thus conflicting with the court's duty to hear the evidence; (3) requiring oral testimony, rather than relying merely on documentary evidence, comports with the Court of Appeals' prior decisions that termination petitions not be summarily determined; and (4) in the instant case the trial court entered an order based solely on the written reports of DSS and the guardian ad litem, prior court orders, and oral arguments by the attorneys involved in the case, without the additional necessary oral testimony of witnesses.

Appeal by respondents from orders entered 18 February 2008, by Judge Beverly Scarlett in District Court, Chatham County. Heard in the Court of Appeals 5 August 2008.

*No brief for petitioner-appellee Chatham County Department of Social Services.*

*Carol Ann Bauer, for respondent-appellant-mother.*

*David A. Perez, for respondent-appellant-father.*

*Klein & Freeman, PLLC, by Marc S. Gentile, for guardian ad litem-appellee.*

STROUD, Judge.

Respondents appeal from orders terminating their parental rights to A.M. and J.M. We reverse and remand.

IN RE A.M., J.M.

[192 N.C. App. 538 (2008)]

On 18 January 2007, the Chatham County Department of Social Services ("DSS") filed petitions alleging that A.M. and J.M. were neglected juveniles. The petitions were "a result of a report of serious domestic violence" committed in front of and involving the juveniles. DSS assumed custody by a non-secure custody order. On 2 May 2007, A.M. and J.M. were adjudicated neglected juveniles.

On 5 September 2007, DSS filed motions to terminate respondents' parental rights. DSS alleged that: (1) respondents had neglected the juveniles pursuant to N.C. Gen. Stat. § 7B-101; and (2) respondents were "incapable of providing for the proper care and supervision of the juvenile[s], such that the juvenile[s] [were] . . . dependent juvenile[s] within the meaning of G.S. 7B-101, and that there [was] a reasonable probability that such incapability [would] continue for the foreseeable future."

A hearing was held on the motions to terminate respondents' parental rights on 13 December 2007. Respondents did not appear at the hearing. Both respondents' counsel moved to continue the hearing, but the motion was denied. At the hearing, DSS requested the following:

> Judge, Mr. Brown has prepared reports which uh, are not very lengthy because there's not much that the parents have done, so there's not much to write about. But we would ask the Court to uh, take judicial notice of previous findings of fact in the record to include in this Order and to accept our reports as our evidence in this case on which to find that the criteria does exist to terminate [respondents'] parental rights and that it's in the best interest of these two children to do so.

The court received the reports into evidence over respondents' general objections. The trial court then concluded that it was in the juveniles' best interest that respondents' parental rights be terminated. Respondents appeal.

We first address respondents' argument that the trial court failed to make an independent determination that neglect existed at the time of the termination hearing. Respondents assert that the court's order was based solely on prior court orders, written reports received by the trial court, and the arguments of counsel. After careful review of the record, briefs, and contentions of the parties, we reverse and remand.

IN RE A.M., J.M.

[192 N.C. App. 538 (2008)]

The General Assembly has set out the judicial procedure to be used in juvenile proceedings in Chapter 7B of the General Statutes. "This Court has held that the North Carolina Rules of Civil Procedure do 'not provide parties in termination actions with procedural rights not explicitly granted by the juvenile code.' " *In re B.L.H. & Z.L.H.,* 190 N.C. App. 142, 145, 660 S.E.2d 255, 257 (2008) (quoting *In re S.D.W. & H.E.W,* 187 N.C. App. 416, 421-22, 653 S.E.2d 429, 432 (2007)). "The Rules of Civil Procedure will, however, apply to fill procedural gaps where Chapter 7B requires, but does not identify, a specific procedure to be used in termination cases." *Id.* (citing *In re S.D.W. & H.E.W,* 187 N.C. App. 416, 421-22, 653 S.E.2d 429, 432 (2007)); see also *In Re L.O.K.,* 174 N.C. App. 426, 431, 621 S.E.2d 236, 240 (2005) ("[T]he Rules of Civil Procedure apply only when they do not conflict with the Juvenile Code and only to the extent that the Rules advance the purposes of the legislature as expressed in the Juvenile Code." (citations omitted)).

N.C. Gen. Stat. § 7B-1109(e) provides that "[t]he court shall take evidence, find the facts, and shall adjudicate the existence or non-existence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent." N.C. Gen. Stat. § 7B-1109(e) (2007). The Juvenile Code is silent regarding whether the evidence received by the Court in termination hearings must be oral testimony or if the evidence can be solely documentary. Rule 43(a) of the North Carolina Rules of Civil Procedure provides that "[i]n all trials the testimony of witnesses shall be taken *orally* in open court[.]" N.C. Gen. Stat. § 1A-1, Rule 43(a) (emphasis added). Thus, we must look to the purposes of the Juvenile Code to determine whether Rule 43(a) of the North Carolina Rules of Civil Procedure is applicable to termination proceedings. See *In Re L.O.K.* at 431, 621 S.E.2d at 240.

"We have recognized the constitutional protection afforded to family relationships." *In re Eckard,* 148 N.C. App. 541, 547, 559 S.E.2d 233, 236 (citation omitted), *disc. rev. denied,* 356 N.C. 163, 568 S.E.2d 192 (2002). One of the stated purposes of the Juvenile Code is "[t]o provide procedures for the hearing of juvenile cases that assure fairness and equity and that protect the constitutional rights of juveniles and parents[.]" N.C. Gen. Stat. § 7B-100(1) (2007). Another stated purpose is "[t]o develop a disposition in each juvenile case that reflects consideration of the facts, the needs and limitations of the juvenile, and the strengths and weaknesses of the family." N.C. Gen. Stat. § 7B-100(2) (2007).

We conclude that Rule 43(a) of the North Carolina Rules of Civil Procedure furthers the purpose of the Juvenile Code in assuring a fair termination hearing which results in a disposition based on consideration of the facts. Foremost, allowing our courts to rely solely on documentary evidence would obviate the need for a termination hearing, conflicting with the court's "duty to hear the evidence[.]" *In re J.N.S*, 165 N.C. App. 536, 539, 598 S.E.2d 649, 651 (2004) (citing N.C. Gen. Stat. § 7B-1109(e) (2003)). Furthermore, requiring oral testimony, rather than relying merely on documentary evidence, comports with this Court's prior decisions that termination petitions not be summarily determined. *See, e.g., In re J.N.S.* at 539, 598 S.E.2d at 651; *see also Curtis v. Curtis*, 104 N.C. App. 625, 627-28, 410 S.E.2d 917, 919 (1991) (while construing former Chapter 7A, this Court determined that the Juvenile Code "does not provide for a summary proceeding to determine whether the petitioner has proven the existence of one or more of the grounds for termination."); *In re Tyner*, 106 N.C. App. 480, 483, 417 S.E.2d 260, 261 (1992) ("To construe N.C.G.S. § 7A-289.28 so as to allow a 'default type' order terminating parental rights would require termination even when the facts do not support termination and thereby permit termination inconsistent with the best interests of the child.") (citation omitted)); *In re Quevedo*, 106 N.C. App. 574, 586, 419 S.E.2d 158, 164 (1992) (Greene, J., concurring) ("The Act implicitly prohibits judgments on the pleadings, default judgments, and summary judgments. This is so because N.C.G.S. § 7A-289.28 (1989) requires the trial court to conduct a hearing on the petition to terminate the respondent's parental rights[.]"). In *In re J.N.S*, this Court determined that:

> Chapter 7B of the North Carolina General Statutes contains absolutely no provision allowing for the use of a summary judgment motion in a juvenile proceeding. In fact, the provisions of Chapter 7B implicitly prohibit such use by imposing on the trial court the duty to *hear the evidence* and make findings of fact on the allegations contained in the juvenile petition. This duty is incompatible with the law on summary judgment, which rests on the non-existence of genuine issues of fact prior to a hearing on the merits.

*Id.* at 539, 598 S.E.2d at 650-51 (emphasis added) (citations omitted).

" 'The key to a valid termination of parental rights on neglect grounds where a prior adjudication of neglect is considered is that the court must make an *independent* determination of whether neglect authorizing the termination of parental rights existed at the

time of the hearing.' " *In re P.L.P.*, 173 N.C. App. 1, 10, 618 S.E.2d 241, 247 (2005) (internal quotation marks omitted) (quoting *In re McDonald*, 72 N.C. App. 234, 241, 324 S.E.2d 847, 851 (1984)) (emphasis in original), *aff'd per curiam*, 360 N.C. 360, 625 S.E.2d 779 (2006). "The burden is on the petitioner to prove the allegations of the termination petition by clear, cogent, and convincing evidence." *In re R.B.B.*, 187 N.C. App. 639, 643, 654 S.E.2d 514, 518 (2007) (citing N.C.G.S. § 7B-1109(f) (2005)), *disc. review denied*, 362 N.C. 235, 659 S.E.2d 738 (2008).

In the case *sub judice*, the trial court entered an order based solely on the written reports of DSS and the guardian *ad litem*, prior court orders, and oral arguments by the attorneys involved in the case. DSS did not present any witnesses for testimony, and the trial court did not examine any witnesses. We conclude, therefore, that the trial court failed to hold a proper, independent termination hearing. Consideration of written reports, prior court orders, and the attorney's oral arguments was proper; however, in addition the trial court needed some oral testimony. *See* N.C. Gen. Stat. § 1A-1, Rule 43(a). However, this opinion should not be construed as requiring extensive oral testimony. We note that the trial courts may continue to rely upon properly admitted reports or other documentary evidence and prior orders, as long as a witness or witnesses are sworn or affirmed and tendered to give testimony. Accordingly, the order of the trial court must be reversed and the matter remanded for further proceedings consistent with this opinion. As we remand for a new hearing, we need not address respondents' remaining issues on appeal.

REVERSED AND REMANDED.

Judges McGEE and HUNTER concur.