670 S.E.2d 923 (2009)
In the Matter of N.B., I.B., A.F.
No. COA08-1082.
Court of Appeals of North Carolina.
January 20, 2009.
*924 Richard Croutharmel, Raleigh, for appellant respondent-mother.
Pamela Newell Williams, Raleigh, for appellee Guardian ad Litem.
STROUD, Judge.
Respondent-mother appeals from order terminating her parental rights to her children, N.B., I.B. and A.F. For the following reasons, we reverse and remand.

I. Background
On 7 May 2007, Orange County Department of Social Services ("DSS") filed juvenile petitions alleging that N.B., I.B. and A.F. were neglected juveniles. The petitions alleged that "[r]espondent-mother's drug use and drug dealing ... resulted in the children being left for long periods of time" with other caretakers, some of whom were irresponsible. The petitions further alleged that respondent-mother was not taking medication for her depression; her whereabouts were unknown; she would be incarcerated for probation violation when found; and respondent-fathers were currently incarcerated. DSS took nonsecure custody of the children and placed them with family members.
By order filed 28 September 2007 the trial court adjudicated the children neglected. The trial court also adjudicated the children dependent although the juvenile petitions did *925 not allege dependency. After conducting a permanency planning hearing on 15 November 2007, the trial court ceased reunification efforts and changed the permanent plan to adoption.
On 14 January 2008, DSS filed a motion to terminate respondent-mother's parental rights based upon neglect and dependency. By order filed 27 June 2008, the trial court found, in pertinent part,
5. Respondent/mother has a history of drug abuse, selling drugs, and depression.
6. Movant has a history with Respondent/mother and her children that dates back to 2002. Several referrals have been made to movant, each involving allegations of neglect.
7. Respondent/mother has briefly attempted drug treatment but has not been committed to her recovery. She has not accepted treatment for herself and continues to actively abuse drugs.
8. Respondent/mother has an extensive criminal history which includes drug-related convictions. She is incarcerated as of this Court hearing.
9. Movant has tried to work with Respondent/mother but Respondent/mother has completely failed to work on her treatment plan or to accept the services offered to her. She has made no progress toward accomplishing any of her goals. Respondent/mother agreed to participate in Family Treatment Court, but did not fulfill this commitment.
10. During the time the juveniles were in Respondent/mother's care, she would leave them with various care givers for long periods of time. Often, her whereabouts were unknown.
11. All three children are placed with relatives. While each have developmental and/or psychological impairments, each are making progress. These children have stability and safety for the first time in their lives.
12. Respondent/mother has no home, no employment, nor visible means of support. She has nothing to offer these children.
13. Respondent/mother's drug use and her impairment therefrom render her incapable of parenting.
14. A Court Report was submitted by LeAnn Taylor, Social Worker for the Orange County Department of Social Services (hereinafter "OCDSS"), which the Court reviewed and finds within credible and factually sufficient evidence to support entry of this order. A copy of the Court Report is attached hereto and hereby incorporated by reference.
Based upon these findings the trial court terminated the parental rights of respondent-mother on grounds of neglect and dependency. Respondent-mother appeals.

II. Standard of Review
"The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." In re Shepard, 162 N.C.App. 215, 221, 591 S.E.2d 1, 6 (2004) (citation and quotation marks omitted). Findings of fact supported by competent evidence are binding on appeal even if evidence has been presented contradicting those findings. In re Williamson, 91 N.C.App. 668, 674, 373 S.E.2d 317, 320 (1988) (citation omitted). Once a trial court has determined that at least one ground exists for terminating parental rights, the trial court then decides whether termination is in the best interests of the child. In re Blackburn, 142 N.C.App. 607, 610, 543 S.E.2d 906, 908 (2001) (citations omitted).

III. Analysis
Respondent-mother contends in her first and third briefed arguments that the trial court erred by concluding that sufficient evidence existed to terminate her parental rights based upon findings that the children were (1) neglected and (2) dependent. Respondent-mother specifically notes that the trial court "failed to make an independent determination that neglect existed at the time of the termination of parental rights *926 hearing" and that "competent evidence" was lacking as to a determination of dependency.
The key to a valid termination of parental rights on neglect grounds where a prior adjudication of neglect is considered is that the court must make an independent determination of whether neglect authorizing the termination of parental rights existed at the time of the hearing. The burden is on the petitioner to prove the allegations of the termination petition by clear, cogent, and convincing evidence.
In re A.M., ___ N.C.App. ___, ___, 665 S.E.2d 534, 536 (2008) (citations and quotation marks omitted).
In In re A.M., this Court reversed and remanded a trial court order terminating parental rights because
the trial court entered an order based solely on the written reports of DSS and the guardian ad litem, prior court orders, and oral arguments by the attorneys involved in the case. DSS did not present any witnesses for testimony, and the trial court did not examine any witnesses. We conclude, therefore, that the trial court failed to hold a proper, independent termination hearing. Consideration of written reports, prior court orders, and the attorney's oral arguments was proper; however, in addition the trial court needed some oral testimony.
Id. at ____, 665 S.E.2d at 536 (citation omitted) (emphasis added).
Here the transcript reveals that DSS's entire presentation of evidence in its case in chief consisted of presentation of the court report by Ms. Taylor, social worker for DSS, and the following statement by petitioner's counsel:
____termination of parental rights hearing on three children with respect to the mother, and as you recall Mr. Ennis (phonetic) filed a Motion to Continue because he had not been timely served and we consented to that continuance with respect to the father. Um, Judge, I'd like to ask the Court to review the file of this matter to, uh, look at the prior Court's findings of fact, to accept those as findings of fact for purposes of this hearing, to note for the record that the mother is here, that she's been timely served, uh, and is adequately represented. And, Judge, uh, as the Department's evidence we'd like to hand up, um, what would be our evidence were our social worker to testify.

(Emphasis added.)
The only difference between the case before us and In Re A.M. is that here the trial court did hear testimony from one witness, respondent-mother. See id. However, the testimony of respondent-mother was not sufficient in this case to carry "[t]he burden [which] is on the petitioner to prove the allegations of the termination petition by clear, cogent, and convincing evidence." Id. (citation and quotation marks omitted). Respondent-mother's direct testimony refuted petitioner's allegations, and petitioner did not cross-examine her. We conclude this case is controlled by In Re A.M. and that the trial court failed to "make an independent determination of whether neglect authorizing the termination of parental rights existed at the time of the hearing[,]" see id., as no oral testimony was provided on behalf of DSS, and the testimony presented by respondent-mother did not provide sufficient evidence to support the termination of parental rights determination.
Furthermore, though In Re A.M. solely addresses neglect as the grounds for termination of parental rights, we extend its holding also to termination on the grounds of dependency under N.C. Gen.Stat. § 7B-1111(a)(6). The legal analysis in In Re A.M. addresses § 7B-1111 as a whole and not as subsections, and we find no just reason for any procedural difference in treatment of these two subsections. See id., ___ N.C.App. ____, 665 S.E.2d 534; see also N.C. Gen.Stat. § 7B-1109(e) ("The court shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent.") Therefore, we reverse and remand. However, we reiterate our caveat in In Re A.M. that "this opinion should not be construed as requiring extensive oral testimony. We note that ... trial courts may continue to rely upon properly admitted reports *927 or other documentary evidence and prior orders, as long as a witness or witnesses are sworn or affirmed and tendered to give testimony[,]" id. at ___, 665 at 536, which supports petitioner's assertion that parental rights should be terminated.

IV. Conclusion
As petitioner presented no oral testimony to carry its burden of proof as to neglect or dependency, "the order of the trial court must be reversed and the matter remanded for further proceedings consistent with this opinion. As we remand for a new hearing, we need not address respondent[-mother's] remaining issues on appeal." See id.
REVERSED AND REMANDED.
Judges McGEE and ELMORE concur.