727 S.E.2d 398 (2012)
In the Matter of J.E.M., JR.
No. COA12-72.
Court of Appeals of North Carolina.
June 19, 2012.
*399 H. Lee Merritt, Jr., Mount Airy, for petitioner-appellee Surry County Department of Social Services.
Peter Wood, for respondent-appellant father.
Parker Poe Adams & Bernstein LLP by Ashley A. Edwards, Charlotte, for guardian ad litem.
STEELMAN, Judge.
The trial court's finding as to the probability of the repetition of neglect was supported by substantial evidence in the record. The trial court's finding as to father's ability to pay support for the child was sufficiently specific, when father paid no child support. Father does not contest that termination of parental rights was in the best interest of the child.

I. Factual and Procedural Background
On 17 September 2010, the Surry County Department of Social Services (DSS) filed a petition alleging that J.E.M., Jr. was a neglected and dependent juvenile. The petition alleged that: (1) the juvenile's paternal grandmother, who had been his caretaker since birth, was no longer able to take care of him due to her health; (2) the father's home was cluttered, in need of repair, and lacked *400 power; (3) father tested positive for drugs for which he did not have a prescription; (4) the parents failed to comply with a case services plan; (5) mother suffered from physical and psychological health problems resulting from a car accident; and (6) both of the juvenile's parents indicated they were unable to provide proper care for the juvenile and there were no alternative caregivers. DSS took J.E.M., Jr. into nonsecure custody on the same day. On 19 November 2010, the trial court entered an order adjudicating the juvenile neglected and dependent. The trial court entered a separate disposition order in which it kept the juvenile in the custody of DSS.
On 19 August 2011, DSS filed a motion to terminate parental rights. DSS alleged that grounds existed to terminate father's parental rights due to: (1) neglect; (2) dependency; (3) willfully leaving the juvenile in foster care without showing reasonable progress to correct the conditions that led to removal; and (4) willful failure to pay a reasonable portion of the cost of care for the juvenile. See N.C. Gen.Stat. § 7B-1111(a)(1)-(3), (6) (2011).
The trial court conducted a hearing on 5 October 2011. Prior to the hearing, mother relinquished her parental rights and consented to an adoption. DSS advised the court that father did not wish to contest the allegations in the motion, and his counsel concurred.
DSS then called Andrea Bradshaw, a DSS social worker, to be sworn "that the allegations set forth in the Petition ... are true and correct." DSS relied on the allegations in the motion and did not present additional evidence. Neither the guardian ad litem (GAL) nor father presented any evidence at the adjudication hearing.
The trial court then proceeded to the disposition phase of the hearing. DSS did not present further evidence. The GAL submitted a written disposition report, but did not testify. Father called three witnesses to testify.
On 3 November 2011, the trial court entered an order, finding the following grounds for termination: (1) neglect; and (2) willful failure to pay a reasonable portion of the cost of care for the juvenile. See N.C. Gen.Stat. § 7B-1111(a)(1), (3). In a separate disposition order, the trial court concluded that termination of father's parental rights was in the juvenile's best interest.
Father appeals.

II. Analysis
In his only argument on appeal, father contends that the trial court erred in finding grounds to terminate parental rights. We disagree.
"The court shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent." N.C. Gen.Stat. § 7B-1109(e) (2011). The burden is on the petitioner to prove the allegations of the termination petition by clear, cogent, and convincing evidence. N.C. Gen.Stat. § 7B-1109(f) (2011).

A. Neglect
Father argues that there was no evidence before the court about the father's current conditions to support a finding of neglect.[1]
"In deciding whether a child is neglected for purposes of terminating parental rights, the dispositive question is the fitness of the parent to care for the child at the time of the termination proceeding." In re L.O.K., J.K.W., T.L.W., & T.L.W., 174 N.C.App. 426, 435, 621 S.E.2d 236, 242 (2005) (internal quotation marks omitted). Termination may not be based solely upon past conditions that no longer exist. Id.
Nevertheless, where a child has not been in the custody of the parents for a *401 significant period of time prior to the termination hearing, requiring the petitioner to show that the child is currently neglected would make termination of parental rights impossible. Id. "In those circumstances, a trial court may find that grounds for termination exist upon a showing of a history of neglect by the parent and the probability of a repetition of neglect." Id. (internal quotation marks omitted).
In the instant case, DSS's evidence consisted of the testimony of a social worker who was sworn to the facts set out in the petition. This evidence showed past neglect, which father does not challenge.
As to the probability of a repetition of neglect, the trial court found that "[i]t is likely that the neglect would be repeated if the juvenile was returned to the father." This finding is supported by evidence that father made no effort to visit his son in the five months prior to the hearing. Father met with a parenting class instructor only once, even though parenting classes were a part of his case plan. Father testified to doing odd jobs that constituted only part-time employment.
We have previously upheld findings that there is a probability of repetition of neglect where the respondent failed to obtain counseling, maintain a stable home and employment, and attend parenting classes. In re Davis, 116 N.C.App. 409, 413-14, 448 S.E.2d 303, 306 (1994).
The trial court's findings of fact as to the probability of a repetition of neglect were supported by clear, cogent, and convincing evidence.

B. Failure to Pay Child Support
Father argues that the evidence was not specific enough to support a finding that father failed to pay child support.
The trial court may terminate parental rights if the juvenile has been placed in the custody of a county department of social services, and the parent "has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so." N.C. Gen.Stat. § 7B-1111(a)(3). The trial court must examine the child's reasonable needs and the parent's ability to pay. In re Anderson, 151 N.C.App. 94, 99, 564 S.E.2d 599, 603 (2002).
We have held that the trial court may not simply recite allegations from the petition as its findings of fact. In re O.W., 164 N.C.App. 699, 702, 596 S.E.2d 851, 853 (2004). "[T]he trial court must, through processes of logical reasoning, based on the evidentiary facts before it, find the ultimate facts essential to support the conclusions of law." Id. (internal quotation marks omitted).
However, "there is no requirement that the trial court make a finding as to what specific amount of support would have constituted a reasonable portion under the circumstances." In re Huff, 140 N.C.App. 288, 293, 536 S.E.2d 838, 842 (2000) (internal quotation marks omitted). In Huff, the trial court found that the parents failed to pay any portion of the child care cost. Id. We held that "zero is not a reasonable portion under the circumstances here." Id.
In the instant case, the trial court found that father made no child support payments since the child was placed in DSS custody. It further found that father "has been gainfully employed from time to time." Finally, it found that father has been physically and financially able to make some payment, but has not done so.
On appeal, father did not argue that the trial court erred in determining that termination of parental rights was in the best interest of the child. The trial court did not err in finding that father willfully failed to pay child support.
AFFIRMED.
Judge CALABRIA concurs.
Judge BEASLEY dissents in separate opinion.
BEASLEY, Judge, dissenting.
After a careful review of the record, I believe that the trial court failed to meet the statutory requirement in N.C. Gen.Stat. § 7B-1109(e). Accordingly, I would reverse the orders of the trial court and remand the case for a new hearing.
*402 In the one issue raised on appeal, Respondent specifically argues that "the trial court erred when it found grounds to terminate parental rights when those grounds were not supported by clear, cogent and convincing evidence." The majority opinion is correct that Respondent does not contest that termination of parental rights was in the best interest of the child. However, Respondent does contest the inadequacy of the trial court's findings of fact for the trial court to ultimately determine whether termination of parental rights is in the child's best interest. Respondent specifically argues that "there was no evidence before the court about [Respondent's] current conditions" to support a finding of neglect or that Respondent failed to pay child support. Assuming arguendo that such evidence was presented, the trial court did not make sufficient findings of fact.
Our juvenile code mandates that "[t]he burden is on the petitioner to prove the allegations of the termination petition by clear, cogent, and convincing evidence." In re R.B.B., 187 N.C.App. 639, 643, 654 S.E.2d 514, 518 (2007) (citing N.C. Gen.Stat. § 7B-1109(f)). Our juvenile code, in turn, also places a duty on the trial court as the adjudicator of the evidence. It mandates that "[t]he court shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent." N.C. Gen.Stat. § 7B-1109(e) (2011). Thus, this Court has held that a trial court must make an independent determination of whether grounds authorizing termination of parental rights existed at the time of the hearing. See In re A.M., 192 N.C.App. 538, 541-542, 665 S.E.2d 534, 536 (2008) ("The key to a valid termination of parental rights on neglect grounds where a prior adjudication of neglect is considered is that the court must make an independent determination of whether neglect authorizing the termination of parental rights existed at the time of the hearing.") (internal quotation marks omitted); see also In re N.B., 195 N.C.App. 113, 117-18, 670 S.E.2d 923, 926 (2009) (extending the analysis in A.M. to other grounds for termination). As part of this duty, the trial court must hear oral testimony presented by the petitioner and may not rely solely on written reports, prior court orders, and the attorneys' oral arguments in rendering its decision. In re A.M., 192 N.C.App. at 542, 665 S.E.2d at 536. Our review in termination of parental rights cases is "whether the court's findings of fact are based upon clear, cogent and convincing evidence and whether the findings support the conclusions of law." In re Huff, 140 N.C.App. 288, 291, 536 S.E.2d 838, 840 (2000) (internal quotations and citation omitted).
In the instant case, DSS's only evidence consisted of a social worker who was "sworn to the facts set out in the Petition."[2] The social worker's statement was nearly identical to her verification of the motion to terminate parental rights, which she had already completed on 15 August 2011, and it bore little resemblance to oral testimony proffered by the petitioner. Therefore, I would conclude that the social worker's verification was not sufficient to discharge the trial court's duty to make an independent determination of the facts before it.
Additionally, this Court has held that as part of the trial court's duty to make an independent determination, "the trial court may not simply recite allegations from the petition as its findings of fact." In re S.C.R., ___ N.C.App. ___, ___, 718 S.E.2d 709, 712 (2011). "[T]he trial court must, through `processes of logical reasoning,' based on the evidentiary facts before it, `find the ultimate facts essential to support the conclusions of law.'" In re O.W., 164 N.C.App. 699, 702, 596 S.E.2d 851, 853 (2004). (quoting In re Harton, 156 N.C.App. 655, 660, 577 S.E.2d 334, 337 (2003)). The findings "must be the `specific ultimate facts ... sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence.'" In re Anderson, 151 N.C.App. 94, 97, 564 S.E.2d 599, 602 (2002) (internal quotations and citation omitted).
*403 Here, the trial court's ultimate findings of fact are contained in Finding of Fact Number 8, subparts a through f. The findings purport to demonstrate that (1) the juvenile was neglected because Respondent failed to complete various aspects of the family services case plan with DSS and (2) Respondent was physically and financially able to make some child support payments but failed to do so. As expected, several of the findings are verbatim recitations of the allegations contained in DSS's motion to terminate Respondent's parental rights. Even more problematic are Findings of Fact Numbers 8(a), 8(c), and 8(f) contain factual findings which do not appear in DSS's termination motion. Given that DSS failed to present any oral testimony, it would appear that these new findings of fact were based solely on documentary evidence, which runs afoul of A.M., or were based on dispositional testimony presented by Respondent. Although Respondent presented three witnesses at the hearing, including himself, all of his evidence was presented during the dispositional stage of the proceedings. We have held that the trial court need not conduct a separate hearing for adjudication and disposition, so long as it applies to the appropriate standard of proof at each stage. In re White, 81 N.C.App. 82, 85, 344 S.E.2d 36, 38 (1986). However, here it is clear that none of the parties presented any evidence at adjudication beyond the allegations contained in the petition and that Respondent's evidence was offered solely for the dispositional stage of the proceedings. Given the different standards of proof applicable to the two stages, as well as DSS's decision to rest solely on the allegations contained in its termination motion, any evidence offered by Respondent could not be used by the trial court in rendering its decision that DSS established grounds for termination by clear, cogent, and convincing evidence.
Furthermore, this Court has held that our juvenile code does not authorize default type orders terminating parental rights or summary dispositions. In re J.N.S., 165 N.C.App. 536, 539, 598 S.E.2d 649, 650-51 (2004); In re Tyner, 106 N.C.App. 480, 483-84, 417 S.E.2d 260, 261-62 (1992). In In re J.N.S., we reasoned that
Chapter 7B of the North Carolina General Statutes contains absolutely no provision allowing for the use of a summary judgment motion in a juvenile proceeding. In fact, the provisions of Chapter 7B implicitly prohibit such use by imposing on the trial court the duty to hear the evidence and make findings of fact on the allegations contained in the juvenile petition.... This duty is incompatible with the law on summary judgment, which rests on the nonexistence of genuine issues of fact prior to a hearing on the merits .... Summary judgment on the existence of grounds for termination of parental rights listed in N.C. Gen.Stat. § 7B-1111 is therefore contrary to the procedural mandate set forth in our juvenile code.
J.N.S., 165 N.C.App. at 539, 598 S.E.2d at 650-51 (internal citations omitted).
Although Respondent did not contest DSS's case-in-chief, the instant case was not, strictly speaking, a default or summary proceeding. Nevertheless, I find the analysis in J.N.S. and Tyner instructive. Therefore, I would find that Respondent's decision not to contest DSS's case does not obviate the trial court's duty to conduct a hearing, hear oral testimony, and make an independent determination of the facts at issue. Nor does it obviate DSS's duty to meet its burden of proving the existence of grounds for termination by clear, cogent, and convincing evidence. Therefore, I would conclude that the trial court failed to meet the statutory requirement that it "take evidence, find the facts, and shall adjudicate the existence or nonexistence of [grounds for termination]." N.C. Gen.Stat. § 7B-1109(e).
NOTES
[1] The dissent argues that the trial court erred in relying on oral verification of written reports and on DSS's motion. The dissent also concludes that the trial court failed to conduct a proper hearing. We note that father does not make these arguments on appeal. "It is not the role of the appellate courts ... to create an appeal for an appellant." In re J.D.S., 170 N.C.App. 244, 252, 612 S.E.2d 350, 355 (2005). An appellate court cannot be both an advocate for one of the parties, and at the same time be an impartial arbiter of the case.
[2] Even more problematic is the fact that the social worker's statement does not appear on the face of the transcript. Rather, the transcript contains the following parenthetical notation: "(WHEREUPON: Ms. Andrea Bradshaw was duly sworn to the facts set out in the Petition.)"