IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-30

Filed 17 October 2023

Harnett County, Nos. 19 JT 55–56

IN THE MATTER OF:

M.A.C.

S.X.C.

Appeal by respondent-mother from order entered 30 August 2022 by Judge Jason Coats in Harnett County District Court. Heard in the Court of Appeals 5 September 2023.

*Robert L. Schupp for petitioners-appellees.*

*Jeffrey L. Miller for respondent-appellant mother.*

ZACHARY, Judge.

Respondent-Mother appeals from the trial court's order terminating her parental rights to her minor children, "Mona" and "Sid."[1] Respondent-Mother raises no arguments concerning the merits of the trial court's order; rather, she only challenges the trial court's subject-matter jurisdiction over these proceedings. After careful review, we affirm.

## I.   Background

---

[1] We use the pseudonyms adopted by the parties for ease of reading and to protect the juveniles' identities.

This case concerns private petitions for the termination of Respondent-Mother's parental rights to Mona and Sid, filed by the juveniles' paternal grandparents ("the Grandparents"). The juveniles have resided with the Grandparents since August 2017, when their son—the juveniles' father—obtained custody of Mona and Sid pursuant to a consent order. Respondent-Mother moved to South Carolina following the entry of the consent order; she has neither seen nor spoken with the juveniles since. The juveniles, meanwhile, have resided exclusively with the Grandparents since their father's death in March 2019. The Grandparents obtained temporary legal custody of the juveniles on 31 August 2020 in another proceeding.

After the trial court dismissed their prior termination petitions for lack of standing, on 24 June 2021, the Grandparents filed verified termination petitions ("the Petitions") in Harnett County for both Mona and Sid. The Grandparents filed amended Petitions on 17 August 2021.[2] In the Petitions, the Grandparents averred that they lived in Delco, North Carolina,[3] that each juvenile resided with them, and that each juvenile was "present in Harnett County, North Carolina, as of the time of the filing of this Petition."

The trial court permitted the Grandparents to serve Respondent-Mother with

---

[2] In that the dispositive allegation of fact—that the juveniles were "present in Harnett County, North Carolina as of the time of the filing of this Petition"—is identical in both the original and amended sets of petitions, for ease of reading we refer simply to "the Petitions."

[3] Delco is located in Columbus County.

the Petitions by publication; the requisite notices were published over a three-week period in September and October. On 10 December 2021 and 7 February 2022, Respondent-Mother filed unverified answers that contained motions to dismiss the Petitions for lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim.

On 25 February 2022, the matter came on for hearing in Harnett County District Court. On 30 August 2022, the trial court entered an order denying Respondent-Mother's motions to dismiss. Pertinent to the case before us, the trial court found as fact that "[t]he children were present in Harnett County, North Carolina as of the time of the filing of the Petition[s.]" Consequently, the trial court concluded that it had "jurisdiction over the subject matter and the parties."

The trial court concluded that grounds to terminate Respondent-Mother's parental rights had been established, and that termination was in the juveniles' best interests. Accordingly, the court terminated Respondent-Mother's parental rights to Mona and Sid. Respondent-Mother timely filed notice of appeal.

## II.    Discussion

On appeal, Respondent-Mother argues that the trial court lacked subject-matter jurisdiction to terminate her parental rights to Mona and Sid. We disagree.

### A. Standard of Review

Subject-matter jurisdiction is "the power of the court to deal with the kind of action in question." *In re N.T.U.*, 234 N.C. App. 722, 724, 760 S.E.2d 49, 52 (citation

omitted), *disc. review denied*, 367 N.C. 826, 763 S.E.2d 517 (2014). "Absent subject-matter jurisdiction, a trial court cannot enter a legally valid order infringing upon a parent's constitutional right to the care, custody, and control of his or her child." *In re A.L.L.*, 376 N.C. 99, 101, 852 S.E.2d 1, 3–4 (2020). "When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, i.e., as if it had never happened. Thus the trial court's subject-matter jurisdiction may be challenged at any stage of the proceedings, even for the first time on appeal." *In re J.H.*, 244 N.C. App. 255, 259, 780 S.E.2d 228, 233 (2015) (emphasis omitted) (citation omitted).

Whether "a trial court possesses subject-matter jurisdiction is a question of law that is reviewed de novo." *A.L.L.*, 376 N.C. at 101, 852 S.E.2d at 4. When conducting de novo review, "this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *In re T.N.G.*, 244 N.C. App. 398, 402, 781 S.E.2d 93, 97 (2015) (cleaned up). However, unchallenged findings of fact are binding on appeal. *N.T.U.*, 234 N.C. App. at 733, 760 S.E.2d at 57.

"Although the question of subject[-]matter jurisdiction may be raised at any time where the trial court has acted in a matter, every presumption not inconsistent with the record will be indulged in favor of jurisdiction." *In re N.T.*, 368 N.C. 705, 707, 782 S.E.2d 502, 503 (2016) (cleaned up). "Nothing else appearing, we apply the *prima facie* presumption of rightful jurisdiction which arises from the fact that a court of general jurisdiction has acted in the matter. As a result, the burden is on the party

asserting want of jurisdiction to show such want." *Id.* at 707, 782 S.E.2d at 503–04 (cleaned up).

## B. Analysis

Respondent-Mother argues that the trial court lacked subject-matter jurisdiction because "[t]here was no competent or unambiguous evidence in the record to support a finding or conclusion that the juveniles were present in Harnett County at the time of the filing of the Petitions." Her argument is premised on the fact that although both Petitions contain a statement that the relevant child was "present in Harnett County, North Carolina as of the time of the filing of th[e] Petition[,]" it is undisputed that the juveniles resided with the Grandparents in Columbus County at that time.

Under our Juvenile Code, a trial court's subject-matter jurisdiction "arises upon the filing of a properly verified juvenile petition and extends through all subsequent stages of the action." *In re K.S.D.-F.*, 375 N.C. 626, 633, 849 S.E.2d 831, 836 (2020) (cleaned up). "The allegations of a complaint determine a court's jurisdiction over the subject matter of the action." *In re K.J.L.*, 363 N.C. 343, 345, 677 S.E.2d 835, 837 (2009). "A trial court's subject-matter jurisdiction over a petition to terminate parental rights is conferred by [N.C. Gen. Stat.] § 7B-1101." *A.L.L.*, 376 N.C. at 104, 852 S.E.2d at 6. Section 7B-1101 provides, in pertinent part:

> The court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides

in, *is found in*, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district *at the time of filing of the petition or motion*.

N.C. Gen. Stat. § 7B-1101 (2021) (emphases added).

It is undisputed that at the time of the filing of the Petitions, the juveniles were in the Grandparents' legal custody and resided with them in Columbus County, and that Columbus and Harnett Counties are not in the same judicial district. *See id.* § 7A-133. Therefore, the question presented in the case at bar is whether the juveniles were "found in" Harnett County at the time of the Petitions' filing, and therefore, the Harnett County District Court properly exercised subject-matter jurisdiction. *Id.* § 7B-1101.

We first address Respondent-Mother's assertion that "[b]eing 'present in' is not the same as being 'found in.' " This Court has previously determined that, as used in § 7B-1101, the phrase "found in" means "physically present in[.]" *In re J.L.K.*, 165 N.C. App. 311, 320, 598 S.E.2d 387, 393, *disc. review denied*, 359 N.C. 68, 604 S.E.2d 314 (2004), *motion to reconsider dismissed*, 359 N.C. 281, 609 S.E.2d 773 (2005).

Our dissenting colleague questions the soundness of this precedent; however, we all agree "that we are bound by the prior decisions of this Court." *In re J.D.M.-J.*, 260 N.C. App. 56, 63, 817 S.E.2d 755, 760 (2018). The concern raised by Respondent-Mother and echoed by our dissenting colleague is for our Supreme Court to consider rather than this Court. "Where a panel of the Court of Appeals has decided the same

issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

Therefore, we may set aside Respondent-Mother's linguistic distinction and turn to the dispositive question of fact as concerns the proper invocation of the trial court's subject-matter jurisdiction: whether the juveniles were physically present in Harnett County at the time of the filing of the Petitions. This, in turn, raises the issue of whether the trial court's finding of fact to that effect—which supported the trial court's conclusion of law that it had subject-matter jurisdiction under § 7B-1101— was properly supported where the only competent record evidence was the Grandparents' allegations in their verified Petitions that the juveniles were present when the Petitions were filed. We conclude that it was.

A verified pleading containing factual allegations that satisfy the statutory requirements for invoking the trial court's subject-matter jurisdiction is sufficient to raise "the *prima facie* presumption of rightful jurisdiction" at the time of filing. *N.T.*, 368 N.C. at 707, 782 S.E.2d at 504 (citation omitted). In *Wilson v. Wilson*, this Court held that the trial court properly exercised jurisdiction over the parties' divorce action where the "court's findings [we]re supported by [the] plaintiff's verified complaint," because a verified pleading "may be treated as an affidavit." 191 N.C. App. 789, 792, 666 S.E.2d 653, 655 (2008); *see also Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972) ("A verified complaint may be treated as an affidavit if it (1) is made on

personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein."). Just as § 7B-1104 requires that termination petitions be verified, complaints in divorce actions must also be verified. N.C. Gen. Stat. § 50-8.

Here, the Petitions were verified, as required by § 7B-1104, and each contained a factual allegation sufficient to satisfy the jurisdictional requirement that the juveniles be "found in" the judicial district where the termination action was filed— i.e., Harnett County. N.C. Gen. Stat. § 7B-1101. Petitioners thus successfully invoked "the *prima facie* presumption of rightful jurisdiction" upon the filing of the Petitions. *N.T.*, 368 N.C. at 707, 782 S.E.2d at 504 (citation omitted).[4] Therefore, Respondent-Mother bore the burden of presenting competent evidence to rebut this presumption.

Respondent-Mother cites the well-established principle that "[t]he trial court's factual findings must be more than a recitation of allegations. They must be the specific ultimate facts sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence." *In re H.P.*, 278 N.C. App. 195, 202, 862 S.E.2d 858, 865 (2021) (cleaned up). However, "[i]t is not *per se* reversible error for a trial court's fact findings to mirror the wording of a petition or

---

[4] Although it appears that Petitioners did not introduce the Petitions into evidence at the hearing or that the trial court took judicial notice of them, we note that "[i]t is well-established that a trial court may take judicial notice of its own proceedings." *In re J.C.M.J.C.*, 268 N.C. App. 47, 56, 834 S.E.2d 670, 676 (2019). "Further, while it is the better practice to give express notice to the parties of the intention to take judicial notice of matters contained in the juvenile's file, it is not required." *Id.* (citation omitted). In this case, "the record tends to show the court took judicial notice of the" Petitions. *Id.* at 56, 834 S.E.2d at 676–77.

other pleading prepared by a party." *Id.* at 202, 862 S.E.2d at 865–66 (cleaned up). Indeed, *Wilson* demonstrates that jurisdictional findings of fact may be properly supported by the factual allegations of a verified pleading.

The heart of Respondent-Mother's argument is that she specifically denied the Grandparents' allegation that the juveniles were "present in Harnett County, North Carolina as of the time of the filing of th[e] Petition[s]" in her unverified answers, thereby "placing the matter of the juveniles' 'presence' in dispute." Thus, according to Respondent-Mother, the trial court erred by "merely recit[ing] the Petitions' allegation without any evidence in the record to support its finding concerning this denied and disputed issue."

Unlike the Grandparents' Petitions, however, Respondent-Mother's answers were *not* verified. "Factual allegations in [Respondent-Mother's] unverified answer[s] are not competent evidence; therefore, we assume the trial court did not consider these and do not consider them on appeal." *Brown v. Refuel Am., Inc.*, 186 N.C. App. 631, 634, 652 S.E.2d 389, 392 (2007). That there was no statutory requirement that her answers be verified is immaterial to the issue of whether the factual allegations in her unverified answers were competent evidence. Moreover, Respondent-Mother did not argue at the hearing that the juveniles were not present in Harnett County at the time of the filings. Therefore, disregarding the denial of the Grandparents' allegation in her unverified response, as we must, *id.*, Respondent-Mother did not properly raise any dispute over the presence of the children in Harnett County at the

time of the filing of the Petitions. As a result, Respondent-Mother did not carry her burden to rebut "the *prima facie* presumption of rightful jurisdiction[.]" *N.T.*, 368 N.C. at 707, 782 S.E.2d at 504 (citation omitted).

Our dissenting colleague notes that the "presumption of rightful jurisdiction" applies only when it is "not inconsistent with the record." *Id.* at 707, 782 S.E.2d at 503–04. The dissent contends that "the Record in this case reflects only that the juveniles were in the legal and physical custody of Petitioners in Columbus County—not Harnett County—at the time of the filing of the Petitions." *Dissent* at 4. This much is true, yet it is immaterial to the dispositive question of whether the juveniles were "found in" Harnett County at the time of the filing of the Petitions. As previously discussed, we are bound by precedent to interpret "found in" to mean "physically present in[.]" *J.L.K.*, 165 N.C. App. at 320, 598 S.E.2d at 393. The *only* competent record evidence that directly addresses *the juveniles' physical presence at the time of the filing*—rather than their residence or legal and actual custody—is the Grandparents' allegations in the Petitions.

The dissent cites *In re D.L.A.D.*, in which "there [wa]s no evidence in the record from which we c[ould] determine that D.L.A.D. was found in Surry County the day the Petition was filed[,]" 254 N.C. App. 344, 802 S.E.2d 620, 2017 WL 2950772, at *3 (2017) (unpublished), to distinguish our application of *J.L.K.* However, the Grandparents in this case specifically alleged in the verified Petitions that each juvenile was "present in Harnett County, North Carolina, as of the time of the filing

- 10 -

of" the relevant Petition. This distinguishes the case before us from *D.L.A.D.*—an unpublished, and therefore, unbinding decision of this Court—because the juvenile petition in that case contained no such specific allegation. *Id.*

We also note that nothing in this opinion should be construed as applying to a trial court's findings of fact relating to any topic other than subject-matter jurisdiction. As our dissenting colleague astutely notes, "Chapter 7B of the North Carolina General Statutes contains absolutely no provision allowing for the use of a summary judgment motion in a juvenile proceeding" and the trial court maintains "the duty to hear the evidence and make findings of fact on the allegations contained in the juvenile petition." *In re J.N.S.*, 165 N.C. App. 536, 539, 598 S.E.2d 649, 650–51 (2004) (citation omitted).

It is manifest that subject-matter jurisdiction holds a unique position in our law. For example, unlike every other ground upon which a motion to dismiss may be based, "the trial court's subject-matter jurisdiction may be challenged *at any stage of the proceedings*, even for the first time on appeal." *J.H.*, 244 N.C. App. at 259, 780 S.E.2d at 233 (citation omitted); *accord* N.C. Gen. Stat. § 1A-1, Rule 12(h)(3). Furthermore, "unlike a Rule 12(b)(6) motion [for failure to state a claim], consideration of matters outside the pleadings does not convert the Rule 12(b)(1) motion [for lack of subject-matter jurisdiction] to one for summary judgment." *Bassiri v. Pilling*, 287 N.C. App. 538, 543–44, 884 S.E.2d 165, 169 (2023) (cleaned up). Indeed, "the court need not confine its evaluation of a Rule 12(b)(1) motion to the face of the

pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." *Id.* at 543, 884 S.E.2d at 169 (citation omitted).

Additionally, it is well established that "[t]he allegations of a complaint determine a court's jurisdiction over the subject matter of the action." *K.J.L.*, 363 N.C. at 345, 677 S.E.2d at 837. This is unlike the other allegations of a juvenile petition, which our dissenting colleague correctly observes must be proved "by clear, cogent, and convincing evidence." *In re R.B.B.*, 187 N.C. App. 639, 643, 654 S.E.2d 514, 518 (2007), *disc. review denied*, 362 N.C. 235, 659 S.E.2d 738 (2008). The allegations of a verified juvenile petition that support the trial court's subject-matter jurisdiction, and which remain uncontested by competent evidence throughout the proceedings, may sufficiently determine the threshold issue of the court's jurisdiction. However, in light of the unique nature of subject-matter jurisdiction, we confine our holding to the sole issue of the sufficiency of competent record evidence to support the trial court's conclusion that it possessed subject-matter jurisdiction.

Lastly, we note that Respondent-Mother has not challenged any of the trial court's findings of fact or conclusions respecting the merits of its determination that termination of her parental rights was in the best interests of the juveniles. As Respondent-Mother has not put forth "any challenge to the merits of the trial court's termination order, we affirm the trial court's order terminating [her] parental rights" to Mona and Sid. *In re C.N.R.*, 379 N.C. 409, 420, 866 S.E.2d 666, 674 (2021).

### III.   Conclusion

For the foregoing reasons, the trial court's order is affirmed.

AFFIRMED.

Judge FLOOD concurs.

Judge HAMPSON dissents by separate opinion.

HAMPSON, Judge, dissenting.

N.C. Gen. Stat. § 7B-1101 entitled "Jurisdiction" provides "[t]he court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition or motion." N.C. Gen. Stat. § 7B-1101 (2021).

> In matters arising under the Juvenile Code, the court's subject matter jurisdiction is established by statute. N.C.G.S. §§ 7B-200, -1101 (2007). The existence of subject matter jurisdiction is a matter of law and " ' "cannot be conferred upon a court by consent." ' " *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) (quoting *In re Custody of Sauls*, 270 N.C. 180, 187, 154 S.E.2d 327, 333 (1967)). Consequently, a court's lack of subject matter jurisdiction is not waivable and can be raised at any time. N.C.G.S. § 1A-1, Rule 12(h)(3) (2007).

*In re K.J.L.*, 363 N.C. 343, 345-46, 677 S.E.2d 835, 837 (2009). "If a petitioner or movant fails to meet all of the requirements for establishing the court's jurisdiction over a termination proceeding, then the court lacks jurisdiction to conduct a termination proceeding, regardless of whether the trial court previously exercised jurisdiction over the child for other purposes." *In re O.E.M.*, 379 N.C. 27, 36, 864 S.E.2d 257, 263 (2021).

Here, Petitioners sought to invoke the subject-matter jurisdiction of the trial court in Harnett County by alleging in their Petitions that the juveniles were present

in Harnett County at the time of the filing of the Petitions. While it is true these Petitions were verified, this is required by statute. N.C. Gen. Stat. § 7B-1104 (2021). Respondent filed Answers which denied the Juveniles were present in Harnett County at the time of the filing of the Petitions. It is likewise true these Answers were not verified. However, there is no statutory requirement for these Answers to be verified. *See* N.C. Gen. Stat. § 7B-1108 (2021). To the contrary, the simple denial of "any material allegation of the petition" triggers the trial court's duty to appoint a guardian ad litem to represent the best interests of the child. *Id.*

The majority here relies on the fact the Answers filed by Respondent were unverified to support its determination Respondent failed to create any evidentiary question as to where the children were found or present. However, "Chapter 7B of the North Carolina General Statutes contains absolutely no provision allowing for the use of a summary judgment motion in a juvenile proceeding." *In re J.N.S.*, 165 N.C. App. 536, 539, 598 S.E.2d 649, 650-51 (2004). "In fact, the provisions of Chapter 7B implicitly prohibit such use by imposing on the trial court the duty to hear the evidence and make findings of fact on the allegations contained in the juvenile petition." *Id.* at 539, 598 S.E.2d at 651 (citation omitted). "The burden is on the petitioner to prove the allegations of the termination petition by clear, cogent, and convincing evidence." *In re R.B.B.*, 187 N.C. App. 639, 643, 654 S.E.2d 514, 518 (2007) (citing N.C. Gen. Stat. § 7B-1109(f) (2005)); *see also In re A.M., J.M.*, 192 N.C. App. 538, 542, 665 S.E.2d 534, 536 (2008).

IN RE: M.A.C., S.X.C.

*HAMPSON, J., dissenting*

Unlike our Court's earlier decision, *In re J.L.K.*, 165 N.C. App. 311, 320, 598 S.E.2d 387, 393 (2004)[5], where it was "undisputed that at the moment the TPR petition was filed on 11 March 2002, J.L.K. was physically present in Johnston County[,]" here, the juveniles' location at the time of the filing of the Petitions was disputed on the pleadings. *See also In re D.L.A.D.*, 254 N.C. App. 344, 802 S.E.2d 620 (2017) (unpublished) (citing *J.L.K.* and vacating TPR where "there is no evidence in the record from which we can determine that D.L.A.D. was found in Surry County the day the Petition was filed."). In the Answers, Respondent validly denied the jurisdictional allegations in the Petitions. Petitioners presented no evidence to support a finding the juveniles were present in Harnett County at the time of the filing of the Petitions. Therefore, there is no evidence in the Record to support the trial court's finding mirroring the allegations of the Petitions that the juveniles were found in Harnett County at the time of the filing of the Petitions.

The majority applies the "the *prima facie* presumption of rightful jurisdiction,"

---

[5] As the majority notes, we are bound by the prior panel's decision in *J.L.K.*, which: (a) viewed the jurisdictional question as a waivable venue issue; and (b) suggests the juvenile's momentary physical presence in the county of filing as dispositive of whether the juvenile was "found in" the county of filing. I would at least raise the question of *J.L.K.*'s continued viability in light of our Supreme Court's jurisprudence acknowledging the jurisdictional nature of § 7B-1101. I further question whether the statutory concept of "found in" equates with momentary physical presence of the child in the judicial district. Rather, I would suggest "found in" acknowledges that while a juvenile may reside elsewhere, the juvenile may actually be found in the judicial district where the circumstances giving rise to the petition occurred (e.g., abandonment or abuse). As Respondent points out: to read the statute otherwise would allow a parent to remove a child from their residence in Dare County to Buncombe County and file a petition in Buncombe County seeking to terminate the other parent's rights without Buncombe County having any connection to the parents or child—and then return the child to Dare County pending the termination hearing.

3

however, this presumption applies only when it is "not inconsistent with the record." *In re N.T.*, 368 N.C. 705, 707, 782 S.E.2d 502, 503-04 (2016). Beyond the conclusory allegations of the Petitions[6], the Record in this case reflects only that the juveniles were in the legal and physical custody of Petitioners in Columbus County—not Harnett County—at the time of the filing of the Petitions. This is inconsistent with the Harnett County trial court's exercise of jurisdiction in this case.

Thus, the trial court's finding the juveniles were present in Harnett County at the time of the filing of the Petitions is not supported by clear, cogent, and convincing evidence in the Record. Therefore, this finding cannot support the trial court's conclusion it had subject-matter jurisdiction in these cases. Consequently, the trial court erred in exercising jurisdiction to terminate Respondent's parental rights. Accordingly, the trial court's Order should be vacated and the Petitions dismissed for lack of subject-matter jurisdiction.

---

[6] It bears mentioning that over the course of these two termination proceedings, Petitioners, through counsel, filed six separate petitions each alleging the presence of the juveniles in Harnett County at the time of the filing of each petition. The trial court effectively found the juveniles were present in Harnett County at the time of the filing of 4 of the 6.