IN RE: MARGARET FAIRCLOTH, AMANDA FAIRCLOTH, DAKOTA FAIRCLOTH, JAMES D. FAIRCLOTH, JUVENILES

No. COA03-124

(Filed 2 December 2003)

**Termination of Parental Rights— findings and evidence—ability to pay support—six preceding months**

The findings and evidence were not sufficient for termination of a mother's parental rights on the ground that she willfully failed to pay a reasonable portion of the cost of care of the children where the court did not specifically address whether she was employed or otherwise able to pay support during the six months preceding the filing of the petition.

Appeal by respondent mother from an order entered 19 July 2002 by Judge John W. Dickson in Cumberland County District Court. Heard in the Court of Appeals 20 August 2003.

*David Kennedy for petitioner-appellee Cumberland County Department of Social Services.*

*Attorney Advocate Robin Weaver-Hurmence, Guardian Ad Litem.*

*Janet K. Ledbetter for respondent-appellant Tesha Lewis.*

HUNTER, Judge.

Tesha Faircloth Lewis ("respondent-mother") appeals from an order terminating her parental rights to three of her minor children. For the reasons stated herein, we reverse.

Respondent-mother and James Faircloth, Sr. ("respondent-father") are the parents of four minor children: James Faircloth, Jr. (d.o.b. 4 June 1987), Dakota Faircloth (d.o.b. 22 September 1990), Amanda Faircloth (d.o.b. 7 August 1992), and Margaret Faircloth (d.o.b. 26 January 1995) ("the Faircloth children"). On 5 August 1997, the Cumberland County Department of Social Services ("CCDSS") filed a juvenile petition alleging that the Faircloth children were abused and neglected juveniles. The Faircloth children were placed in the custody of CCDSS, and such custody was continued by a series of orders until an adjudicatory hearing was commenced on 15 December 1998. At the conclusion of that hearing, the Faircloth chil-

dren were adjudicated abused and neglected juveniles. Only respondent-father appealed the adjudicatory order at that time. On appeal, this Court reversed and remanded the case for a new hearing because the trial court had applied an erroneous legal standard in denying respondent-father's request to call the Faircloth children as witnesses. *See In re Faircloth*, 137 N.C. App. 311, 527 S.E.2d 679 (2000).

Thereafter, CCDSS filed a Petition to Terminate the Parental Rights of Respondents on 3 August 2000. Separate hearings were held for each parent. Respondent-father's termination hearing was held on 26 July 2001, resulting in termination of his parental rights by order entered on 16 November 2001. Respondent-father subsequently appealed the termination order, which was affirmed by this Court on 5 November 2002. *See In re Faircloth*, 153 N.C. App. 565, 571 S.E.2d 65 (2002).

Respondent-mother's termination hearing was held on 6 May 2002. Based on the evidence presented at the hearing, the following pertinent findings of fact were made by the trial court:

13. The mother has been employed and is physically able and financially able to pay support and to pay a reasonable portion of the cost of care for the children.

14. At the time the Termination Petition was filed on 8/3/00, the mother had paid $0.00 towards support of the children.

15. On or about 1/15/01 the mother apparently tried to deliver to the social worker a $20 check for each child, payable to the children.

16. The checks were returned to the mother along with a letter giving specific instructions to her on how to provide money to the children or how to pay support for them. Since that time she has provided no money or support.

The trial court concluded that these findings supported the following ground for terminating respondent-mother's parental rights:

That the minor children have been placed in [CCDSS] custody since July 30, 1997, and that the Respondent mother, for a continuous period of six months next preceding the filing of th[e] petition, has willfully failed to pay a reasonable portion of the cost of care for the minor children although physically and financially able to do so. §7B-1111(a)(3).

However, while the trial court further concluded that termination of her parental rights was in the best interests of the three younger Faircloth children, the same was not concluded as to the eldest child, James. Thus, the trial court ordered legal and physical custody of James returned to respondent-mother.

Respondent-mother argues the trial court's findings of facts were insufficient to support termination of her parental rights with respect to her three younger children. A trial court's findings of fact in an order substantiating termination of parental rights must be supported by clear, cogent, and convincing evidence. *See* N.C. Gen. Stat. § 7B-1109(f) (2001). If termination is supported by such evidence, the court's findings are binding on appeal, even if there is evidence to the contrary. *In re Williamson*, 91 N.C. App. 668, 674, 373 S.E.2d 317, 320 (1988).

In the case *sub judice*, the trial court concluded that its findings supported Section 7B-1111(a)(3) as the only ground for termination of respondent's parental rights. This section provides:

> The juvenile has been placed in the custody of a county department of social services, a licensed child-placing agency, a child-caring institution, or a foster home, and the parent, for a continuous period of six months next preceding the filing of the petition or motion, has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so.

N.C. Gen. Stat. § 7B-1111(a)(3) (2001). Respondent-mother contends the trial court's findings of fact were insufficient to establish that she was financially able to pay for the cost of foster care for the Faircloth children during the six months preceding the petition being filed. We agree.

> A parent's ability to pay is the controlling characteristic of what is a "reasonable portion" of cost of foster care for the child which the parent must pay. A parent is required to pay that portion of the cost of foster care for the child that is fair, just and equitable based upon the parent's ability or means to pay.

*In re Clark*, 303 N.C. 592, 604, 281 S.E.2d 47, 55 (1981). During the termination hearing, respondent-mother testified on cross-examination that her approximate income per month varied: "Sometimes I can make a thousand dollars a month, sometimes I can make more. It just depends." However, further elaboration upon this testimony on re-

direct examination established that respondent-mother's income also depended on whether she was even employed. Specifically, respondent-mother testified as follows:

A. . . . . I work with Jackie's Custom Painting now.

Q. Okay. And how long have you had that job?

A. With Jackies's [sic] Custom Painting, I've worked with them off and on with them for the past—since '99.

Q. But it has not been full-time, steady employment, has it?

A. It varies. Construction is—you know, it's painting, so it varies.

This was the extent of the relevant testimony establishing respondent-mother's ability to pay.

Based on the evidence, the trial court found that "[t]he mother has been employed and is physically and financially able to pay support and to pay a reasonable portion of the cost of care for the children." The trial court further found that "[a]t the time the Termination Petition was filed on 8/3/00, the mother had paid $0.00 towards support of the children." "[N]onpayment . . . constitute[s] a failure to pay a 'reasonable portion' if and only if respondent were able to pay some amount greater than zero." *In re Bradley*, 57 N.C. App. 475, 479, 291 S.E.2d 800, 802 (1982). Yet, while the evidence established that respondent-mother has been employed at various times since 1999, it did not specifically address whether she was employed at any time between 3 February 2000 and 3 August 2000 (the six months preceding the filing of the petition), or whether she was otherwise financially able to pay.[1] Absent such findings or evidence in the record that respondent-mother could pay some amount greater than zero towards the cost of care for children during that period of time, the trial court did not have clear, cogent, and convincing evidence to determine respondent's financial ability.

In conclusion, there was insufficient evidence to support terminating respondent-mother's parental rights pursuant to Section 7B-1111(a)(3). We therefore reverse the trial court's termination

---

1. We also note that both the record and respondent-mother's testimony indicate that CCDSS never initiated legal proceedings requiring respondent-mother to pay support after the Faircloth children were placed in CCDSS custody; thus, there was no child support order entered establishing what would have been a reasonable portion of the cost of care for the Faircloth children.

order as to the three younger Faircloth children. Further, because we hold the order terminating respondent-mother's parental rights must be reversed, we need not reach her remaining arguments. *See In re Phifer*, 67 N.C. App. 16, 28, 312 S.E.2d 684, 691 (1984).

Reversed.

Judges TIMMONS-GOODSON and ELMORE concur.